■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WALLACE, Appellant. [706 NYS2d 639] —Judgment, Supreme Court, New York County (Miki Scherer, J.), rendered November 23, 1998, convicting defendant, upon his plea of guilty, of two counts of burglary in the third degree, and sentencing him, as a predicate felony offender, to two concurrent terms of 5 to 10 years, unanimously modified, on the law, the sentence vacated, and the matter remanded for resentence, and otherwise affirmed.

As the People commendably concede, the sentence imposed on defendant's conviction, by plea of guilty, of two counts of burglary in the third degree, a class D non-violent felony (Penal Law §§ 140.20, 70.02), was illegal. As a predicate felon, defendant could not be sentenced to more than 3½ to 7 years on each count (Penal Law § 70.06 [3] [d]; [4] [b]). Thus, the promised sentence of 5 to 10 years for each count was illegal. While we could effect the promised result by modifying the sentence to two consecutive terms of from 2½ to 5 years, inasmuch as separate and distinct burglaries are involved, the

better procedure would be to remand for resentencing. We have no way of knowing the basis of the court's promise of 5 to 10 year concurrent sentences when it had the option of consecutive sentences. In remanding, we take no position as to the propriety of the sentence imposed in any other respect. Concur—Sullivan, P. J., Nardelli, Mazzarelli and Saxe, JJ.